UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

JOSEPH D. LENTO,                                    :

                                                    :    26-cv-[      ] (   )

                        Plaintiff,                  :

                                                    :

        - against -                                 :    **JURY TRIAL**
                                                         **DEMANDED**
                                                    :

HARRIET R. BRUMBERG,                                :

                                                    :

                        Defendant.                  :

--------------------------------------------------------------------x

## COMPLAINT

Plaintiff Joseph D. Lento, Esq., by and through his attorney, Paul Batista, P.C., for his Complaint respectfully alleges as follows:

### Preliminary Statement

1.      This action is brought principally under 42 U.S.C. §1983 by Joseph D. Lento, an attorney admitted to practice law in the State of New York, against defendant Harriet R. Brumberg ("Brumberg"), an agent of a state agency, for violations by defendant of plaintiff's rights to Due Process secured to him by the United States Constitution and other Constitutional provisions, federal statutory protections, and state law.

2.      As described more fully in the balance of this Complaint, defendant Brumberg has engaged in an extensive – indeed, a constant and vicious – vendetta against Mr. Lento, including, among other things, (i) traveling from defendant's home in Pennsylvania to the home of Mr. Lento's elderly parents in New Jersey for the purpose of intimidating Mr. Lento and his parents, (ii) routinely directing clients of Mr. Lento throughout the nation to file grievances, disciplinary complaints and other proceedings against Mr. Lento, and (iii) on or about July 6, 2026, publicly threatening Mr. Lento with imprisonment without any rational factual basis for doing so and for reasons of personal animosity.

**Jurisdiction and Venue**

3.      This Court has jurisdiction of this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1367 and 1368.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**Parties**

5.      Plaintiff Joseph D. Lento is an attorney admitted to practice in the State of New York and maintains an office at the Chrysler Building, 405 Lexington Avenue, 26th Floor, New York, New York 10174.  Mr. Lento, who was first admitted to practice in 2008, is a graduate of Villanova University and earned his *juris doctor* degree from Temple University School of Law.

6.      Defendant Brumberg is an attorney admitted to practice in the Commonwealth of Pennsylvania with an office at 1601 Market Street, Suite 3320, Philadelphia, Pennsylvania 19103-2337.

**Statement of Facts**

*A.      Overview*

7.      Over the course of more than a decade, Mr. Lento has established a nationwide legal and advisory practice with offices and multiple employees in many states, including New York, Arizona and California.

8.      The offices of Mr. Lento's firm are variously known as Lento Law Group, Lento Law Group, P.C., Lento Law Firm, LLF, LLG and Lento Law (collectively, "Lento Law").

9.      Mr. Lento, through Lento Law, provided advisory services to clients in connection with, among many other things, (i) the defense of students in disciplinary matters initiated by academic institutions attended by those students, (ii) the representation of professionals

accused of misconduct by licensing and regulatory authorities, (iii) the defense of criminal matters, and (iv) advocacy in connection with family law matters.

10.    Given the national scope of the practice, Mr. Lento, prior to November 2024, through Lento Law, employed numerous highly qualified and duly licensed attorneys in multiple states, as well as professionals and other support personnel trained in addressing issues for which Mr. Lento and the firm are retained, with the exception of the cessation of activities in the Commonwealth of Pennsylvania since November 2024.

B.    *Defendant Brumberg's Activities*

11.    Upon information and belief, since in or about 2013, Brumberg has been an agent claiming a role as attorney of the Pennsylvania Office of Disciplinary Conduct ("ODC"). Among other things, she was instrumental in pursuing an investigation, in 2012 and 2013, of Mr. Lento's conduct which essentially involved Mr. Lento's distributing or attempting to distribute his business cards to clerks who were employed by the Pennsylvania court system and requesting that the clerks make the cards available to members of the public (the "2013 Proceedings").

12.    The 2013 Proceedings were resolved on July 17, 2013, by Order of the Supreme Court of Pennsylvania granting the "Joint Petition in Support of Discipline on Consent under Pa. R.D.E. 215(d)" filed on April 4, 2013 (the "Joint Petition").

13.    Pursuant to the Joint Petition, Mr. Lento and the ODC agreed to a resolution which entailed, *inter alia*, the suspension of Mr. Lento from practice in Pennsylvania for a period of one (1) year, followed by a period of probation of Mr. Lento for one year.

14.    Mr. Lento served the one-year suspension of practice in Pennsylvania from 2013 through 2014 and successfully concluded the ensuing one year of probation.

15.    From 2013 to the present, defendant Brumberg has had the primary role in repeatedly targeting Mr. Lento for investigation by the ODC and disciplinary authorities of other jurisdictions as well as encouraging clients of Mr. Lento and Lento Law to file grievances, lawsuits and other proceedings against Mr. Lento.

16.    In her relentless and vindictive pursuit of Mr. Lento, Brumberg led a campaign against Mr. Lento which resulted in the filing by ODC on June 3, 2022, of a petition for discipline (the "Petition").  Mr. Lento filed his response to the Petition on July 18, 2022.

17.    Acting primarily through defendant Brumberg and primarily at her instigation, ODC alleged in its Petition that Mr. Lento engaged in unprofessional conduct with respect to six client matters managed by two firms which were constituent members of Lento Law.

18.    The Petition culminated in Mr. Lento's suspension from practice in Pennsylvania for a period of five years beginning in November 2024.

19.    Mr. Lento in all respects strictly abided by the five-year Pennsylvania suspension since November 2024 – a fact which Brumberg has vindictively ignored.

C.    *Brumberg's Destructive Campaign against Mr. Lento*

20.    Defendant Brumberg, in her campaign to destroy Mr. Lento, far exceeded any discretionary authority stemming from her position with ODC.

21.    Brumberg has on multiple occasions encouraged clients of Mr. Lento and Lento Law to file grievances and complaints against Mr. Lento in states throughout the nation.

22.    Moreover, defendant Brumberg has in writing expressed to clients of Mr. Lento her "delight" and personal satisfaction in Mr. Lento's five-year suspension of practice in Pennsylvania.

23.    On Saturday, September 2, 2023, defendant Brumberg traveled from Pennsylvania to the home of Mr. Lento's elderly parents in New Jersey, as revealed by security footage and cameras which recorded her conduct, for the purpose of intimidating and harassing Mr. Lento and his parents and for no purpose related to her role with ODC.

24.    Brumberg's presence at the home of Mr. Lento's parents is depicted on the security footage.

### Count I

25.    Plaintiff repeats and realleges each and every allegation of ¶¶ 11-24, *supra*.

26.    By engaging in the activities identified in ¶¶ 11-24, *supra*, defendant Brumberg has far exceeded any legitimate aspect of her role with ODC and engaged in a pattern of unlawful activity which disqualifies her from invoking any type of immunity from civil liability to Mr. Lento.

27.    Brumberg has, in effect, acted as a vigilante dedicated to inflicting as much harm as possible on Mr. Lento.

28.    Indeed, although she lacks any rational basis for doing so, Brumberg has as recently as July 6, 2026, publicly threatened Mr. Lento with imprisonment despite the fact that Mr. Lento has *never* engaged in any criminal conduct.

29.    By reason of the foregoing, Brumberg has violated 42 U.S.C. § 1983 by depriving Mr. Lento, who is of Italian-American origin, of his rights under the due process and equal protection provisions of the United States Constitution.

30.    Brumberg's illegal conduct has caused, and will continue to cause, significant damage on Mr. Lento believed to exceed $15 million.

### Count II

31.     Plaintiff repeats and realleges each and every allegation of ¶¶ 11-30, *supra*.

32.     By engaging in the acts and conduct identified in ¶¶ 11-30, *supra*, Brumberg tortiously and maliciously interfered with existing contractual and business relationships between Mr. Lento and Lento Law with their legal and advisory clients.

33.     Defendant Brumberg's illegal conduct has caused, and will continue to cause, significant economic damage to Mr. Lento believed to exceed $15 million.

### Count III

34.     Plaintiff repeats and realleges each and every allegation of ¶¶ 11-33, *supra*.

35.     By engaging in the acts and conduct identified in ¶¶ 11-33, *supra*, defendant Brumberg has tortiously and maliciously interfered with prospective economic advantage of Mr. Lento and Lento Law with legal and advisory clients.

36.     Defendant Brumberg's illegal conduct has caused, and will continue to cause, significant economic damage to plaintiff believed to exceed $15 million.

### Count IV

37.     Plaintiff repeats and realleges each and every allegation of ¶¶ 11-35, *supra*.

38.     By engaging in the acts and conduct identified in ¶¶ 11-35, *supra*, defendant Brumberg has maliciously inflicted severe emotional distress on Mr. Lento.

39.     Defendant Brumberg's acts and conduct have caused, and will continue to cause, significant damage to plaintiff believed to exceed $15 million.

WHEREFORE, plaintiff demands judgment as follows:

(A)　With respect to Count I, damages in an amount to be determined by jury but believed to exceed $15 million;

(B)　With respect to Count II, damages in an amount to be determined by jury but believed to exceed $15 million;

(C)　With respect to Count III, damages in an amount to be determined by a jury but believed to exceed $15 million;

(D)　With respect to Count IV, damages in an amount to be determined at trial but believed to exceed $15 million; and

(E)　Such other and further relief as the Court deems just and proper, including an award of attorneys' fees, interest, costs and expenses.

Dated: New York, New York
　　　　July 16, 2026

PAUL BATISTA, P.C.

By: _____
　　　Paul Batista
　　　*Attorney for Plaintiff*
　　　26 Broadway, Suite 1900
　　　New York, New York 10004
　　　(631) 377-0111
　　　Batista007@aol.com

7